IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville
AUG 25 2025
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**FIRST NATIONAL BANK OF OMAHA,**
*Plaintiff,*

v.   CIVIL ACTION NO. **2:25-CV-0259**

**KEVIN WHITE,**
*Defendant.*

# NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW Defendant Kevin White, pro se, pursuant to *Pub. L. No. 85-315, 71 Stat. 637, [28 U.S.C. § 1331]*, *Pub. L. No. 85-315, 71 Stat. 654, [28 U.S.C. § 1443]*, and *Pub. L. No. 100-702, 102 Stat. 4671, [28 U.S.C. § 1446]*, and respectfully removes the above-captioned action from the Magistrate Court of Forsyth County, Georgia, Case No. 25MGC-3077, to this Court, and states as follows:

## I. PROCEDURAL REQUIREMENTS

**1. State Court Case:** This action was filed in the Magistrate Court of Forsyth County, Georgia, on June 11, 2025, Case No. 25MGC-3077, styled *First National Bank of Omaha v. Kevin White*.

**2. Timeliness:** This Notice of Removal is timely filed based on multiple legal theories:

  a) **Federal Questions Reserved in Original Answer:** Defendant's Answer filed in state court explicitly raised and preserved federal questions regarding debt collection violations, including FDCPA (*Pub. L. No. 95-109, 91 Stat. 874, [15 U.S.C. § 1692e]*), TILA (*Pub. L. No. 90-321, 82 Stat. 146, [15 U.S.C. § 1601]*), securities law violations, and banking regulation violations, establishing federal question jurisdiction from the Answer filing date;

  b) **Newly Emerged Federal Civil Rights Violations:** Additional federal jurisdiction arose from subsequent ADA and constitutional violations under *Pub. L. No. 100-702, 102 Stat. 4671, [28 U.S.C. § 1446(b)(3)]* based on:

    o July 31, 2025: ADA Coordinator's illegal delegation of federal duties
    o August 13, 2025: County attorney's federal retaliation letter

  c) **30-Day Window:** This removal is filed within 30 days of the August 13, 2025 county attorney retaliation that completed the federal civil rights violation pattern.

**3. Complete State Court Record:** True and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as:

**EXHIBIT A:** State court pleadings

**EXHIBIT B:** Your Answer/Counterclaim (includes all CFPB docs as court exhibits)

**EXHIBIT C:** ADA Accommodation Request (includes VA disability letter)

**EXHIBIT D:** ADA Coordinator refusal email

**EXHIBIT E:** Recording/transcript and Certification

**EXHIBIT F:** County Attorney threat of retaliation

**EXHIBIT G:** Dovenmuehle Mortgage employment denial letter and credit report

**EXHIBIT H:** Complete Magistrate Court Docket Report as of August 22, 2025

**EXHIBIT I:** Personal Declarations for Kevin White and one for Alyssa Daniels

**4. Venue:** Venue is proper in this District pursuant to *Pub. L. No. 87-845, 76 Stat. 1071, [28 U.S.C. § 1391(b)]* as the events occurred in Forsyth County, Georgia, within this judicial district.

## II. GROUNDS FOR REMOVAL

A. Federal Question Jurisdiction

**5.** This Court has federal question jurisdiction under *Pub. L. No. 85-315, 71 Stat. 637, [28 U.S.C. § 1331]* because this action raises substantial federal questions, including:

  a) **Americans with Disabilities Act violations** under *Pub. L. No. 101-336, 104 Stat. 327, [42 U.S.C. § 12132]* - Forsyth County's systematic denial of reasonable accommodations and equal court access;

  b) **Constitutional civil rights violations** under *Pub. L. No. 42-22, 17 Stat. 13, [42 U.S.C. § 1983]* - Government retaliation and denial of due process under color of state law;

  c) **Fair Debt Collection Practices Act violations** under *Pub. L. No. 95-109, 91 Stat. 874, [15 U.S.C. § 1692e]* - False representations regarding debt ownership and validation.

B. Civil Rights Removal

**6.** This action is removable under *Pub. L. No. 85-315, 71 Stat. 654, [28 U.S.C. § 1443(1)]* because Defendant is being denied equal civil rights under color of state law, specifically:

  a) **ADA Coordinator Violations:** Forsyth County ADA Coordinator Debbie Lindstrom illegally delegated non-delegable federal duties under *Pub. L. No. 101-336, 104 Stat. 376, [28 C.F.R. § 35.107]*, forcing public disclosure of protected disability information;

  b) **Court System Discrimination:** State court proceedings systematically exclude disabled individuals from meaningful participation in violation of federal disability rights;

   c) **Government Retaliation:** County Attorney Ken Jarrard engaged in threatening retaliation for asserting federal accommodation rights, violating *Pub. L. No. 101-336, 104 Stat. 376, [42 U.S.C. § 12203(a)]*.

### III. FEDERAL QUESTION DEVELOPMENT AND PRESERVATION

**7. Original Federal Questions from Answer:** Defendant's state court Answer raised substantial federal questions regarding debt collection violations, including:

   a) **FDCPA Violations:** False representations regarding debt ownership and validation under *Pub. L. No. 95-109, 91 Stat. 874, [15 U.S.C. § 1692e]*;

   b) **TILA Violations:** Failure to disclose securitization and material terms under *Pub. L. No. 90-321, 82 Stat. 146, [15 U.S.C. § 1601]*;

   c) **Securities Law Issues:** Standing and ownership challenges based on securitization to First National Master Note Trust (SEC CIK: 0001396730);

   d) **Banking Regulation Violations:** Unauthorized collection activities by unlicensed entities.

**8. Subsequent Federal Civil Rights Violations:** Additional federal jurisdiction emerged through government civil rights violations occurring after the original Answer:

   a) **July 31, 2025:** ADA Coordinator Debbie Lindstrom's illegal delegation of non-delegable federal duties under *Pub. L. No. 101-336, 104 Stat. 376, [28 C.F.R. § 35.107]*;

   b) **August 13, 2025:** County Attorney Ken Jarrard's threatening retaliation letter for asserting federal accommodation rights, violating *Pub. L. No. 101-336, 104 Stat. 376, [42 U.S.C. § 12203(a)]*;

   c) **Ongoing:** Systematic constitutional violations including due process and equal protection violations.

**9. Cumulative Federal Jurisdiction:** The combination of original debt collection federal questions and subsequent civil rights violations creates comprehensive federal jurisdiction requiring federal court resolution. the final act establishing the full scope of federal civil rights violations requiring federal court intervention.

### IV. SUBSTANTIAL FEDERAL QUESTIONS

**10.** The federal questions now predominate over any state law claims because:

These federal statutory and constitutional violations constitute claims upon which relief can be granted under federal law, further establishing this Court's jurisdiction pursuant to Pub. L. No. 85-315, 71 Stat. 637, [28 U.S.C. § 1331].

   a) **Standing Issues:** Plaintiff FNBO lacks standing as it securitized and sold the alleged debt to First National Master Note Trust (SEC CIK: 0001396730), divesting ownership;

b) **Federal Preemption:** Federal securities law and consumer protection statutes govern the underlying debt relationship;

c) **Civil Rights Violations:** Ongoing federal constitutional and ADA violations require federal court intervention.

## V. REMOVAL REQUIREMENTS SATISFIED

**11. No Separate State Claims:** All claims now arise from operative facts involving federal law violations.

**12. Removable Defendants:** All defendants are properly before this Court.

**13. Service and Notice:** Written notice of this removal is being served on all adverse parties and filed with the state court clerk as required by *Pub. L. No. 100-702, 102 Stat. 4671, [28 U.S.C. § 1446(d)]*.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court:

**A.** ACCEPT removal jurisdiction over this action;

**B.** RETAIN jurisdiction to adjudicate all federal civil rights claims and related matters;

**C.** AWARD such other relief as deemed just and proper.

## VERIFICATION

I, Kevin White, verify under penalty of perjury pursuant to *Pub. L. No. 94-550, 90 Stat. 2534, [28 U.S.C. § 1746]* that the foregoing statements are true and correct.

**Respectfully submitted,**

/s/ Kevin White
**KEVIN WHITE**
*Pro Se Defendant*
Email: mindsatwork333@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that upon assignment of a federal case number by this Court, I will serve true and correct copies of this Notice of Removal as follows:

**SERVICE ON STATE COURT:**

☑ **Electronic Filing System** - Filed with the Clerk of the Magistrate Court of Forsyth County, Georgia pursuant to **28 U.S.C. § 1446(d)**

SERVICE ON OPPOSING COUNSEL:

**Douglas L. Brooks, P.C.**
Attorneys for Plaintiff
Post Office Box 8477
Atlanta, Georgia 31106

☑ **Electronic Filing System** - Service accomplished through the court's electronic filing system pursuant to **UMCR Rule 19(E)**, which provides: *"Upon filing, an electronically filed document is deemed served on all parties and counsel who have waived any other form of service by registering with the electronic filing system to receive electronic service in the case and who receive notice via the system of the document's filing."*

LEGAL AUTHORITY FOR ELECTRONIC SERVICE:

- **Georgia UMCR Rule 19(E)** - Electronic service deemed complete upon filing when parties are registered for electronic notices
- **28 U.S.C. § 1446(d)** - Service requirements for removal notices
- **Fed. R. Civ. P. 5(b)(2)(E)** - Electronic service authorized when consented to by parties

CONFIRMATION OF ELECTRONIC SERVICE REGISTRATION:

Opposing counsel Douglas L. Brooks, P.C. is registered with the state court's electronic filing system and will receive automatic notice of this filing.

This 25th day of August, 2025.

**KEVIN WHITE**
Defendant/Federal Counter-Plaintiff, Pro Se