EXHIBIT "I"

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION

**FIRST NATIONAL BANK OF OMAHA,**

*Plaintiff,*

v.     CIVIL ACTION NO. _____

**KEVIN WHITE** and **ALYSSA DANIELS,**

*Defendants/Federal Counter-Plaintiffs,*

---

## DECLARATION OF KEVIN WHITE IN SUPPORT OF FEDERAL REMOVAL AND CIVIL RIGHTS COUNTERCLAIMS

---

I, **KEVIN WHITE**, hereby declare under penalty of perjury under the laws of the United States, pursuant to **Pub. L. No. 94-550, 90 Stat. 2534, codified as [28 U.S.C. § 1746]**, that the following is true and correct to the best of my knowledge, information, and belief:

1. I am over 18 years of age, competent to testify, and have personal knowledge of all facts stated herein.

2. I am a Desert Storm Combat Veteran who served honorably in the United States Army from August 22, 1989, to August 25, 1992.

3. I am an 80% service-connected disabled veteran as determined by the Department of Veterans Affairs, with disabilities arising directly from my military service during Operation Desert Storm.

4. My service-connected disabilities substantially limit major life activities including cognitive processing under stress, communication in adversarial environments, memory retention of complex information, and emotional regulation during confrontational situations.

5. I reside at 5480 Lacebark Pine Court, Cumming, Georgia 30040, within the jurisdiction of this Court.

6. On July 30, 2025, with the help of my wife, I properly submitted a comprehensive ADA accommodation request to Debbie Lindstrom, Forsyth County ADA Coordinator, at the designated federal compliance email address (adacoordinator@forsythco.com).

7. My ADA request was properly supported with: a. Complete Forsyth County ADA Accommodation Request Form b. Official VA Disability Rating Letter (80% service-connected) c. Declaration of Support Person necessity (Alyssa Daniels) d. Detailed explanation of disability-related limitations requiring accommodation

8. I specifically requested reasonable accommodations including: a. Remote appearance via audio-visual technology (Zoom/WebEx) b. Support person assistance (my spouse Alyssa Daniels) c. Plain language communication for complex legal terminology d. Additional time for processing complex legal information

9. On July 31, 2025, ADA Coordinator Debbie Lindstrom violated her federal coordination duties by responding that "*any disability accommodations would need to be submitted formally through the Magistrate Court*" rather than performing her federally mandated coordination responsibilities.

10. Lindstrom's response directly violated: a. Pub. L. No. 101-336, 104 Stat. 327, codified as [28 C.F.R. § 35.107] (ADA Coordinator duties) b. Pub. L. No. 101-336, 104 Stat. 327, codified as [28 C.F.R. § 35.130(e)] (Protection of confidential information) c. Pub. L. No. 101-336, 104 Stat. 327, codified as [42 U.S.C. § 12132] (Title II prohibition on exclusion)

11. Lindstrom's directive forced public disclosure of my private medical information by requiring court filing, violating federal privacy protections for individuals with disabilities.

12. On July 31, 2025, Melinda "Mindy" Reed, Administrative Supervisor for Forsyth County, made discriminatory statements during a recorded phone conversation with my spouse Alyssa Daniels.

13. Reed's recorded statements included: a. "*Any request that you file under the court is public record*" (threatening privacy violations) b. Coordination with other government employees to deny accommodation c. Systematic disregard for federal ADA requirements d. Participation in conspiracy to deny federally protected rights

14. This recording constitutes direct evidence of: a. Express agreement between government employees to violate federal rights b. Conspiracy against rights under Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1985(3)] c. Civil rights violations under color of law under Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1983] d. Systematic government retaliation for asserting federal rights

15. On August 13, 2025, Ken Jarrard, Forsyth County Attorney, sent a threatening letter in direct retaliation for my assertion of federal ADA accommodation rights.

16. Jarrard's letter explicitly threatened to "*seek all remedies available under law*" immediately after my ADA accommodation request, constituting: a. ADA retaliation prohibited by Pub. L. No. 101-336, 104 Stat. 327, codified as [42 U.S.C. § 12203] b. Section 1983 retaliation under color of state law Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1983] c. First Amendment retaliation for petitioning government for redress d. Due process violations through government intimidation

17. This retaliation was specifically targeted at both myself and my spouse for asserting federally protected disability rights.

18. The state court has systematically violated my federal constitutional rights by: a. Scheduling trial (September 4, 2025) while my ADA accommodation request was pending b. Refusing to rule on pending dispositive motions filed July 24, 2025, and additional motions filed July 31, 2025 c. Systematic protection of collection attorney despite clear misconduct d. Deliberate disregard for federal ADA requirements and accommodation duties

19. These violations demonstrate a pattern of judicial misconduct requiring federal intervention and constitutional protection.

20. As a result of defendants' systematic federal civil rights violations, I have suffered severe emotional distress including: a. Anxiety and depression from government retaliation and conspiracy b. Sleep disturbances and stress-related physical symptoms c. Exacerbation of service-connected disabilities due to systematic discrimination d. Fear of continued retaliation for asserting federal rights e. Loss of faith in state court system's ability to provide equal justice

21. The systematic denial of my federal ADA rights has caused significant personal harm to both my physical and mental health, requiring comprehensive federal protection and damages.

22. On July 3, 2025, Dovenmuehle Mortgage denied me employment based on false credit reporting by FNBO, directly connecting to this litigation and creating additional federal damages.

23. This employment denial was directly caused by FNBO's false credit reporting while simultaneously pursuing collection litigation, demonstrating the breadth of federal violations requiring comprehensive relief.

24. My claims present substantial federal questions arising under: a. Americans with Disabilities Act Pub. L. No. 101-336, 104 Stat. 327, codified as [42 U.S.C. § 12132] b. Constitutional Due Process and Equal Protection (U.S. Const. Amend. XIV, § 1) c. Civil Rights Under Color of Law Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1983] d. Conspiracy Against Rights Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1985(3)] e. ADA Retaliation Pub. L. No. 101-336, 104 Stat. 327, codified as [42 U.S.C. § 12203]

25. I have constitutional and Article III standing through concrete injuries caused by defendants' federal law violations, requiring federal court protection and comprehensive relief.

26. The state court has demonstrated systematic inability and unwillingness to protect federal constitutional rights, necessitating federal court intervention.

27. Only federal court supervision can ensure compliance with federal civil rights law and prevent continued constitutional violations.

28. Federal relief is necessary to protect not only my individual rights but also the rights of all disabled individuals seeking equal access to Georgia's court system.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed on ___25th day of August___ 2025.

_____
**KEVIN WHITE**
*Pro Se*
5480 Lacebark Pine Court
Cumming, Georgia 30040

EXHIBIT "I"

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION

**FIRST NATIONAL BANK OF OMAHA,**
*Plaintiff,*

v.  CIVIL ACTION NO. _____

**KEVIN WHITE** and **ALYSSA DANIELS,**
*Defendants/Federal Counter-Plaintiffs,*

## DECLARATION OF ALYSSA DANIELS IN SUPPORT OF FEDERAL REMOVAL AND CIVIL RIGHTS COUNTERCLAIMS

I, **ALYSSA DANIELS**, hereby declare under penalty of perjury under the laws of the United States, pursuant to **Pub. L. No. 94-550, 90 Stat. 2534, codified as [28 U.S.C. § 1746]**, that the following is true and correct to the best of my knowledge, information, and belief:

1. I am over 18 years of age, competent to testify, and have personal knowledge of all facts stated herein.

2. I am the spouse of Kevin White and reside with him at 5480 Lacebark Pine Court, Cumming, Georgia 30040.

3. I serve as Kevin's designated ADA support person and hold his power of attorney for legal and disability-related matters.

4. I have first-hand knowledge of Kevin's service-connected disabilities and their daily impact on his functioning, having supported him through VA medical treatment and disability evaluations.

5. As his ADA support person, I provide essential assistance including: a. Emotional regulation support during stressful legal proceedings b. Communication assistance for understanding

complex legal language c. Organizational support for legal document preparation d. Cognitive assistance for processing multiple complex issues e. Advocacy support for ensuring proper accommodation implementation

6. I have devoted well over 700 hours to legal research, case preparation, and ADA accommodation advocacy in this matter.

7. My research has been necessitated by defendants' systematic violations and includes: a. Federal civil rights law (ADA, Section 1983, constitutional law) b. Consumer protection statutes (FDCPA, FCRA, Georgia FBPA) c. Professional responsibility and attorney misconduct law d. Federal court procedures and removal requirements e. Complex securitization and banking law issues

8. This extensive research was directly caused by defendants' systematic federal law violations and the complexity of protecting Kevin's federal rights.

9. On July 31, 2025, I personally spoke with Debbie Lindstrom, ADA Coordinator after receiving her email regarding our ADA accommodation request.

   a. Debbie Lindstrom informed me that she was not able to grant "that type of request" and that she only handled certain types of ADA request.

   b. Lindstrom's statements were made knowing I was Kevin's ADA support person, directly violating my federally protected role under Pub. L. No. 101-336, 104 Stat. 327, codified as [28 C.F.R. § 35.160(b)(1)].

   c. Upon further questioning about her role as ADA Coordinator and forced disclosure of protected medical information, she instructed me to contact "Mindy" Reed and provided the phone number to reach her.

   d. After the alarming phone call with Debbie Lindstrom, I called Melinda "Mindy" Reed, Administrative Supervisor for Forsyth County, regarding Kevin's ADA accommodation request on a recorded line.

10. During this recorded conversation with Reed; Reed made discriminatory statements including: a. "*Any request that you file under the court is public record*" b. Threats regarding public disclosure of Kevin's private medical information c. Coordination with other government employees to deny accommodation d. Systematic disregard for federal ADA privacy protections

11. Reed's statements were made knowing I was Kevin's ADA support person, directly violating my federally protected role under Pub. L. No. 101-336, 104 Stat. 327, codified as [28 C.F.R. § 35.160(b)(1)].

12. Ken Jarrard, Forsyth County Attorney, specifically named me in his August 13, 2025 retaliation letter, threatening legal consequences against both Kevin and myself.

13. This retaliation has caused severe interference with our marital relationship through: a. Government intimidation of our family unit b. Threats against both spouses for asserting federal rights c. Financial burden from extensive forced legal research and case preparation necessitated by defendants' systematic federal law violations d. Emotional strain from the threat of systematic government harassment

14. The targeting of our marriage relationship constitutes intentional infliction of emotional distress and marital interference requiring federal protection and damages.

15. I have independent standing to assert federal civil rights claims as: a. ADA support person with federally protected rights b. Spouse whose marital consortium has been violated c. Individual whose constitutional rights have been violated through retaliation d. Family member whose privacy and autonomy rights have been violated

16. My claims arise from the same systematic violations affecting Kevin but constitute separate and independent federal civil rights violations requiring comprehensive relief.

17. As a result of defendants' systematic federal civil rights violations, I have personally suffered: a. Severe emotional distress from government retaliation and conspiracy b. Anxiety and sleep disturbances from ongoing legal threats c. Interference with family relationships and

marital stability d. Loss of privacy through forced medical disclosure requirements e. Financial burden from extensive forced legal research and defense

18. These violations have caused significant personal harm requiring comprehensive federal relief and damages.

19. My claims present substantial federal questions arising under: a. Americans with Disabilities Act Pub. L. No. 101-336, 104 Stat. 327, codified as [42 U.S.C. § 12132] b. Constitutional Due Process and Equal Protection (U.S. Const. Amend. XIV, § 1) c. Civil Rights Under Color of Law Pub. L. No. 42-22 (Act of April 20, 1871), 17 Stat. 13, codified as [42 U.S.C. § 1983] d. First Amendment Retaliation (U.S. Const. Amend. I)

20. Federal court intervention is necessary to protect both my individual rights and my federally protected role as Kevin's ADA support person.

21. Only federal court supervision can ensure compliance with federal civil rights law and prevent continued constitutional violations against our family.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed on 25th of August, 2025.   *Alyssa Daniels*

**ALYSSA DANIELS**
*Pro Se*
5480 Lacebark Pine Court
Cumming, Georgia 30040