IN THE MAGISTRATE COURT OF FORSYTH COUNTY,
STATE OF GEORGIA

**FIRST NATIONAL BANK OF OMAHA,**
Plaintiff,

v.                                                        Civil Action File No. 25MGC-3077

**KEVIN PRESTON WHITE,**
Defendant.

---

## CONSOLIDATED REQUEST FOR JUDICIAL NOTICE

COMES NOW, Defendant Kevin White ("Defendant"), who respectfully requests this Honorable Court take judicial notice pursuant to O.C.G.A. § 24-2-201(b)-(c) and Federal Rule of Evidence 201(b), of the following adjudicative facts, statutes, federal regulations, and official publications. These matters are not subject to reasonable dispute and are capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. This notice supports Defendant's motion to dismiss, affirmative defenses, and preservation of federal claims related to Plaintiff's lack of standing and unlawful collection conduct.

### I. FEDERAL STATUTES AND REGULATIONS

1. **15 U.S.C. § 1692g** — Requires validation of debts upon written request. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006).

2. **15 U.S.C. § 1641(g)** — Requires written notice of assignment or transfer of debt ownership within 30 days.

3. **12 C.F.R. § 210.2(k)** — Defines "presenting bank" under Federal Reserve regulations; clarifies enforcement authority requirements.

4. **17 C.F.R. § 260.11b-1** — SEC Trust Indenture Act regulations applicable to securitized debt structures.

5. **UCC §§ 3-301, 3-305, 9-203** — Only holders in due course or proper transferees can enforce negotiable instruments; security interest attachment requirements.

6. **18 U.S.C. §§ 241–242** — Prohibits conspiracy to deprive rights under color of law.

## II. OFFICIAL GOVERNMENT BULLETINS

7. **CFPB Bulletin 2013-07** — Warns against deceptive collection practices and misrepresentation of account ownership.

8. **FDIC Supervisory Insights (2014)** — Emphasizes clear chain-of-title documentation requirement before debt collection.

## III. VERIFIED SEC FILINGS DEMONSTRATING SECURITIZATION

9. **Form 424B5 Prospectus (CIK 1171040)** — Documents FNBO's transfer of credit card receivables into First Bankcard Master Credit Card Trust with The Bank of New York Mellon Trust Company as Indenture Trustee.
   **Link:**
   https://www.sec.gov/Archives/edgar/data/1171040/000119312517128866/d347474d424b5.htm

10. **Form 8-K (CIK 1396730)** — Details note issuance by First National Master Note Trust with structured payment arrangements.
    **Link:**
    https://www.sec.gov/Archives/edgar/data/1396730/000119312513414754/d619052d8k.htm

11. **Form 10-K (CIK 1171040)** — Contains trust documents, servicing agreements, and indenture structures for securitized receivables.
    **Link:**
    https://www.sec.gov/Archives/edgar/data/1171040/000119312514123255/d701291d10k.htm

## IV. CONTROLLING CASE LAW ON STANDING AND ASSIGNMENT

12. *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011) — Enforcement requires clear showing of ownership or authorized agency relationship.

13. *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011) — Valid assignment must precede any enforcement action; post-hoc assignments insufficient.

14. *Dreiling v. American Express Co.*, 458 F.3d 942 (9th Cir. 2006) — Courts routinely take judicial notice of SEC filings as reliable public records.

## V. GEORGIA LAW ON REAL PARTY IN INTEREST

15. **O.C.G.A. § 9-11-17(a)** — Mandates that only the real party in interest may prosecute an action. *Searcy v. EMC Mortg. Corp.*, 2010 WL 11384502 (N.D. Ga. 2010).

## VI. RESTATEMENT AUTHORITY

16. **Restatement (Third) of Trusts §§ 84–88** — Trustees must disclose trust structure and account for fiduciary obligations to beneficiaries.

## VII. APPLICATION TO PLAINTIFF'S CLAIM

The judicially noticeable facts establish that:

**A. Securitization Evidence:** SEC filings confirm FNBO transferred credit card receivables into trust structures with third-party trustees, potentially extinguishing FNBO's direct ownership rights.

**B. Missing Documentation:** FNBO has provided no trust agreement, servicing authorization, valid assignment, or chain-of-title documentation establishing current ownership or enforcement authority.

**C. Notice Violations:** No evidence of required TILA § 1641(g) transfer notice or FDCPA validation compliance.

**D. Standing Defects:** Under Georgia law, only the real party in interest may sue. FNBO has failed to establish its status as such.

## VIII. PRESERVATION OF FEDERAL CLAIMS

These facts invoke federal issues under the FDCPA, TILA, and SEC regulations. Defendant preserves rights to removal under 28 U.S.C. §§ 1441 and 1367 should adverse rulings infringe federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this Court:

1. Take judicial notice of all enumerated items;
2. Incorporate them into the record;
3. Find Plaintiff lacks standing to prosecute this action;
4. Dismiss the action with prejudice;
5. Preserve Defendant's federal claims for appropriate forum;
6. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 23rd day of July, 2025.

_____
**KEVIN WHITE, Defendant**
*All Rights Reserved, Without Prejudice*

---

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all parties via [method] on this 23rd day of July, 2025.

_____
**KEVIN WHITE**